```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

KEVIN SULLIVAN,                      )
                                     )
            Plaintiff,               )
                                     )
            v.                       )       Civil No. 2016-21
                                     )
CHRISTINE SABHARWAL, KIWI LUXURY     )
PROPERTIES, LLC,                     )
                                     )
            Defendants.              )
                                     )
─────────────────────────────────────)
                                     )
CHRISTINE SABHARWAL, KIWI LUXURY     )
PROPERTIES, LLC,                     )
                                     )
Third-Party Plaintiffs,              )
                                     )
v.                                   )
                                     )
BETSY MCMAHON,                       )
                                     )
Third-Party Defendant.               )
─────────────────────────────────────)
```

**ATTORNEYS:**

**Samuel H. Hall, Jr.**
Hall & Griffith, P.C.
St. Thomas, U.S.V.I.
    *For Kevin Sullivan,*

**W. Mark Hillsman**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
    *For Christine Sabharwal, Kiwi Luxury Properties, LLC,*

**Robert L. King**
Law Offices of Robert King
St. Thomas, U.S.V.I.
    *For Betsy McMahon.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Christine Sabharwal ("Sabharwal") to dismiss the original complaint in this matter for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A brief outline of the relevant procedural history is necessary before the Court can address Sabharwal's motion to dismiss.

For the week beginning on August 8, 2014, Betsy McMahon ("McMahon") rented a villa on St. John, United States Virgin Islands, from Kiwi Luxury Properties, LLC ("Kiwi"), and Sabharwal. On August 10, 2014, Kevin Sullivan ("Sullivan") visited the villa. During his visit, Sullivan slipped and fell from an elevated patio.

On February 24, 2016, Sullivan commenced a negligence action by filing a complaint (the "original complaint") in this Court. The original complaint named Sabharwal as a defendant and alleged that she was a resident of Indiana. The original complaint did not explain how Sabharwal was connected to this action.

On June 21, 2016, in lieu of an answer, Sabharwal filed a motion to dismiss the original complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6). Sabharwal argued that it was "clear that the complaint fails to set forth any claim against . . . Sabharwal" because, while "there is a jurisdictional allegation related to the state of her residence, her name appears in no other allegation contained in the complaint." *See* ECF 9 at 3.

Subsequently, on June 23, 2016, Sullivan filed an amended complaint (the "first amended complaint"). On September 1, 2016, Sullivan moved to file a second amended complaint. The Magistrate Judge granted the motion on September 16, 2016. On October 3, 2016. Sullivan filed his second amended complaint (the "second amended complaint"). In the second amended complaint, Sullivan alleges that "Sabharwal was the owner, officer or manager" of the corporation that rented the villa to McMahon. *See* ECF No. 38 at ¶5. Sullivan further alleges that Sabharwal "owe[d] a duty of care to [Sullivan] and to other authorized guests of the villa." *See id.* at ¶6.

In light of that procedural history, as a threshold matter, the Court must determine whether the original complaint or the second amended complaint is operative.

Federal Rule of Civil Procedure 15 ("Rule 15") governs the amendment of complaints. Rule 15, in relevant part, states:

*Sullivan v. Sabharwal, et al.*
Civil No. 2016-21
Order
Page 4

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
>> (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, Sullivan filed the first amended complaint two days after he was served with Sabharwal's motion to dismiss. Subsequently, Sullivan moved for permission to file a second amended complaint. The Magistrate granted Sullivan's motion. On October 3, 2016, Sullivan filed his second amended complaint. As such, the second amended complaint was properly filed with leave of Court. Thus, as of October 3, 2016, the second amended complaint became the operative complaint.

Where, as here, a defendant files a motion to dismiss and the plaintiff subsequently *properly* files an amended complaint, that subsequent pleading is operative and "render[s] moot [the] defendant['s] motion[] to dismiss." *See Merritt v. Fogel*, 349 Fed. App'x 742, 745 (3d Cir. 2009).

*Sullivan v. Sabharwal, et al.*
Civil No. 2016-21
Order
Page 5

The premises considered, it is hereby

**ORDERED** that Christine Sullivan's motion to dismiss docketed at ECF Number 8 is **MOOT**.

```
                              S_____
                                 Curtis V. Gómez
                                 District Judge
```