DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

KEVIN SULLIVAN,                        )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )    Civil No. 2016-21
                                       )
CHRISTINE SABHARWAL, KIWI LUXURY       )
PROPERTIES, LLC,                       )
                                       )
          Defendants.                  )
                                       )
―――――――――――――――――――――――――――――――――――――  )
                                       )
CHRISTINE SABHARWAL, KIWI LUXURY       )
PROPERTIES, LLC,                       )
                                       )
Third-Party Plaintiffs,                )
                                       )
v.                                     )
                                       )
BETSY MCMAHON,                         )
                                       )
Third-Party Defendant.                 )
                                       )

**ATTORNEYS:**

**Samuel H. Hall, Jr.**
Hall & Griffith, P.C.
St. Thomas, U.S.V.I.
    *For Kevin Sullivan,*

**W. Mark Hillsman**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
    *For Christine Sabharwal, Kiwi Luxury Properties, LLC,*

**Robert L. King**
Law Offices of Robert King
St. Thomas, U.S.V.I.
    *For Betsy McMahon.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Betsy M. McMahon ("McMahon") to dismiss the third-party complaint filed by Christine Sabharwal ("Sabharwal") and Kiwi Luxury Properties, LLC, ("Kiwi") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A brief outline of the relevant procedural history is necessary before the Court can address McMahon's motion to dismiss.

For the week beginning on August 8, 2014, McMahon rented a villa on St. John, United States Virgin Islands, from Kiwi Luxury Properties, LLC ("Kiwi"), and Sabharwal. On August 10, 2014, Kevin Sullivan ("Sullivan") visited the villa. During his visit, Sullivan slipped and fell from an elevated patio.

On February 24, 2016, Sullivan commenced a negligence action against Sabharwal and Kiwi by filing a complaint in this Court. Sullivan subsequently filed an amended complaint and a second amended complaint.

On November 10, 2016, Kiwi and Sabharwal filed a third-party complaint against McMahon (the "original third-party complaint"). Kiwi and Sabharwal alleged that, under the rental

agreement signed by McMahon, McMahon was required to defend and indemnify Kiwi and Sabharwal from Sullivan's claims.

On March 1, 2017, McMahon moved to dismiss the original third-party complaint for failure to state a claim. Subsequently, McMahon moved for leave to file an amended third-party complaint, which the Magistrate Judge granted. Kiwi and Sabharwal filed an amended third-party complaint on May 23, 2017 (the "amended third-party complaint").

In light of that procedural history, as a threshold matter, the Court must determine whether the original third-party complaint or the amended third-party complaint is operative.

Federal Rule of Civil Procedure 15 ("Rule 15") governs the amendment of complaints. Rule 15, in relevant part, states:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
> > (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, Kiwi and Sabharwal moved for permission to file an amended third-party complaint after McMahon filed her motion to

dismiss. The Magistrate granted Kiwi and Sabharwal's motion. On May 23, 2017, Kiwi and Sabharwal filed their amended third-party complaint. As such, the amended third-party complaint was properly filed with leave of Court. Thus, as of May 23, 2017, the amended third-party complaint became the operative third-party complaint.

Where, as here, a defendant files a motion to dismiss and the plaintiff subsequently *properly* files an amended complaint, that subsequent pleading is operative and "render[s] moot [the] defendant['s] motion[] to dismiss." *See Merritt v. Fogel*, 349 Fed. App'x 742, 745 (3d Cir. 2009).

The premises considered, it is hereby

**ORDERED** that Betsy McMahon's motion to dismiss docketed at ECF Number 82 is **MOOT**.

S\_____
  **Curtis V. Gómez**
  **District Judge**