```
                  DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

KEVIN SULLIVAN,                        )
                                       )
            Plaintiff,                 )
                                       )
            v.                         )    Civil No. 2016-21
                                       )
CHRISTINE SABHARWAL, KIWI LUXURY       )
PROPERTIES, LLC,                       )
                                       )
            Defendants.                )
                                       )
_____)
                                       )
CHRISTINE SABHARWAL, KIWI LUXURY       )
PROPERTIES, LLC,                       )
                                       )
Third-Party Plaintiffs,                )
                                       )
            v.                         )
                                       )
BETSY MCMAHON,                         )
                                       )
Third-Party Defendant.                 )
                                       )
_____)
```

**ATTORNEYS:**

**Samuel H. Hall, Jr.**
Hall & Griffith, P.C.
St. Thomas, U.S.V.I.
   *For Kevin Sullivan,*

**W. Mark Hillsman**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
   *For Christine Sabharwal, Kiwi Luxury Properties, LLC,*

**Robert L. King**
Law Offices of Robert King
St. Thomas, U.S.V.I.
   *For Betsy McMahon.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the motion of Betsy M. McMahon to dismiss the third-party complaint filed by Christine Sabharwal and Kiwi Luxury Properties, LLC, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. FACTUAL AND PROCEDURAL HISTORY

For the week beginning on August 8, 2014, Betsy M. McMahon ("McMahon") rented a villa on St. John, United States Virgin Islands, from Kiwi Luxury Properties, LLC ("Kiwi"), and Christine Sabharwal ("Sabharwal"). The villa had an elevated patio with an adjacent pool. On August 10, 2014, Kevin Sullivan ("Sullivan") visited the villa. During his visit, Sullivan slipped and fell from the patio.

On February 24, 2016, Sullivan filed a complaint in this Court against Sabharwal and Kiwi generally alleging negligence. Sullivan subsequently filed an amended complaint and a second amended complaint.

On November 10, 2016, Kiwi and Sabharwal filed a third-party complaint against McMahon (the "original third-party complaint"). On May 23, 2017, Kiwi and Sabharwal filed an amended third-party complaint.

The amended third-party complaint alleges two causes of action: a claim for defense and indemnity and a claim for contribution. Kiwi and Sabharwal allege that, under the rental agreement signed by McMahon, McMahon was required to defend and indemnify Kiwi and Sabharwal from Sullivan's claims. Kiwi and Sabharwal also allege that McMahon was warned that it was dangerous to run in the pool area or use the pool area while intoxicated or on medications. McMahon was instructed to warn her guests of these dangers but she failed to do so.

On June 6, 2017, McMahon moved to dismiss the amended third-party complaint. McMahon argues that the amended third-party complaint must be dismissed because (1) Kiwi and Sabharwal have failed to state a claim for defense and indemnity; and (2) Kiwi and Sabharwal failed to state a claim for contribution.

## II. **DISCUSSION**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir.2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir.2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir.2010) (quoting *Iqbal,* 556 U.S. at 674, 679).

### III. ANALYSIS

**A. Indemnity**

An indemnity clause in a contract "requires the indemnitor 'to bear the costs of any damages for which the indemnitee is held liable.'" *Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs., Inc.*, 137 Fed. App'x 464, 467 (3d Cir. 2005) (quoting *Valhal Corp. v. Sullivan Associates, Inc.*, 44 F.3d 195, 202 (3d Cir.1995)) (emphasis omitted). To state a claim for indemnity, a party must allege that a valid indemnity agreement exists, and that the conduct for which indemnity is sought falls within the terms of the indemnity agreement. *Pourzal v. Marriott Int'l, Inc.*, No. CIV. 2001-140, 2006 WL 2471818, at *2 (D.V.I. Aug. 18, 2006).

To determine whether the contracting parties made a valid indemnity agreement, the Court must look to the intent of the parties as reflected in the language of the contract itself. *See Bainville v. Hess Oil V.I. Corp.,* 837 F.2d 128, 131 (3d Cir. 1988) (explaining that, in "contract indemnity cases," courts must determine the scope of the parties agreement "by reference to what the parties, by virtue of their contractual capacity, intended, as reflected in the language of the indemnity clause"). "[A]n indemnity provision need not specifically refer to the indemnitee's negligence if the language is sufficiently broad and unambiguous." *E. Airlines, Inc. v. Ins. Co. of N. Am.,* 758 F.2d 132, 134 (3d Cir. 1985). In any event, the provision must "clearly and unambiguously provide[] for indemnity." *Beloit Power Sys., Inc. v. Hess Oil Virgin Islands Corp.,* 757 F.2d 1427, 1430 (3d Cir. 1985).

"Generally, an indemnity agreement also includes a 'hold harmless' clause by which the indemnitor agrees 'to indemnify and hold harmless' the indemnitee." *Valhal Corp. v. Sullivan Assocs., Inc.,* 44 F.3d 195, 202 (3d Cir. 1995). Unambiguous agreements to cover an indemnitee's own negligence also generally acknowledge a duty to assume responsibility for legal and financial consequences, such as "losses," "costs," "liability," "damages," "claims," "causes of action," or

"lawsuits." *See, e.g.*, *Krazek v. Mountain River Tours, Inc.*, 884 F.2d 163, 166 (4th Cir.1989) (holding that form waiving Plaintiff's right to assert "any *claims* or *causes of action*" barred negligence suit (emphasis added)); *E. Airlines, Inc.*, 758 F.2d at 134 ("ABC undertook to indemnify and defend Eastern 'from and against any and all *liability, damages*, *claims*, *suits* or *actions* . . . brought against Eastern . . . ." (emphasis in original omitted and emphasis added)); *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1067 (5th Cir. 1985) ("[I]t is understood that operator [Cities] *shall bear the entire cost and full liability* of killing the well and bringing it under control."); *Piche v. Stockdale Holdings, LLC*, No. CIV. 2006-79, 2009 WL 799659, at *6 (D.V.I. Mar. 24, 2009) (holding negligence claims waived where contract included a "clause exempting the defendants of liability 'from all . . . *causes of action* of whatever kind or nature" (emphasis added)); *Booth v. Bowen*, No. CIV. 2006-217, 2007 WL 3124687, at *2–3 (D.V.I. Oct. 18, 2007) ("[T]he signor agrees to 'further release and hold harmless [the Defendants] from any *claim* or *lawsuit* by me, my family, estate, heirs or assigns.'" (emphasis added)); *Oleksiuk ex rel. Oleksiuk v. Caribbean Watersports & Tours, LLC*, No. CIV. 2002-224, 2005 WL 1668906, at *3 (D.V.I. July 7, 2005) ("The section of the concession agreement labeled 'INDEMNIFICATION' provides that it

is GK's responsibility to 'hold CAI harmless from *liability* for *damages* and *losses* suffered or claimed to have been suffered by any other person.'" (emphasis added)).

Here, the relevant provision in the rental contract between McMahon and Kiwi[1] provides:

> WAIVER OF LIABILITY for pool, herein called special feature. The Renter understands that there are special risks that may be involved in using the special feature, as well as using other areas of the villa, in particular, the Renter understands that there are potential dangers that the special feature may present to children who are not carefully supervised as well as the danger to any person using the special feature, or if a person has health risks or if a person uses the special feature while intoxicated or using any kind of drugs or medication. The Renter agrees to explain " the risks of using the special feature to any guests he/she may have at the villa and to be fully and solely responsible for any accidents his/her guests may incur. The Renter understands the risks discussed above and agrees that he will assume all responsibility for himself and his guest for the consequences of those risks. Renter agrees to waiver any claim whatsoever against the Owners for accidents or claims arising form [sic] Renter's guests' use of special feature.

ECF No. 99, Exh. 1 at 5. This clause acknowledges that McMahon will "be fully and solely responsible for any accidents" and "will assume all responsibility for himself and his guest." *See id.* Significantly, however, the clause does not specify what such "responsibility" entails. Without some reference to the

---

[1] The rental contract between McMahon and Kiwi was attached to the amended third-party complaint. "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

legal or financial consequences of McMahon's "responsibility," this clause does not unambiguously promise "to bear the costs of any damages for which the indemnitee is held liable." *See Longport Ocean Plaza Condo., Inc., Inc.*, 137 Fed. App'x at 467 (internal quotation marks and emphasis omitted)). Accordingly, the Court will dismiss Kiwi and Sabharwal's defense and indemnity cause of action.

## B. Contribution

In the Virgin Islands, a right to contribution arises between joint tortfeasors. *See Beloit Power Sys., Inc. v. Hess Oil Virgin Islands Corp.*, No. CIV. 1980/94, 1981 WL 705048, at *2 (D.V.I. Jan. 28, 1981). Thus, to state a claim for contribution, a third-party complaint must allege that the third-party defendant negligently caused the plaintiff's injuries. To allege a negligence claim under Virgin Islands law, a claim must contain four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *White v. Spenceley Realty, LLC*, 53 V.I. 666, 673 (2010) (citing Restatement (Second) of Torts § 281 (1965)).

Here, Kiwi and Sabharwal have arguably alleged that McMahon had a duty to warn Sullivan of the danger occasioned by using the pool area while intoxicated or on medication; that McMahon breached that duty by failing to provide such warning; and that

Sullivan was injured on the pool deck. Significantly, while Kiwi and Sabharwal allege that Sullivan had alcohol and various medications in his system at the time of his injury, they do not allege that this was a cause of his fall. Accordingly, Kiwi and Sabharwal have failed to state a claim for negligence, and by extension, a claim for contribution.

    An appropriate Judgment follows.


                                  S\_____
                                    **Curtis V. Gómez**
                                    **District Judge**