# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KEVIN SULLIVAN, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHRISTINE SABHARWAL and KIWI ) <br> LUXURY PROPERTIES, LLC, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 2016-21 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of plaintiff Kevin Sullivan to compel defendants to reimburse him for the costs he incurred in connection with mediation on St. Thomas in March 2018. [ECF 128]. Defendants Christine Sabharwal and Kiwi Luxury Properties, LLC ("Kiwi") oppose the motion. [ECF 129].

Sullivan contends that the failure of Sabharwal and Kiwi to appear in St. Thomas for the mediation, while plaintiff traveled from New England to attend, "doomed" the mediation to fail. He argues further that it was "unfair for [him] to have to travel to the Virgin Islands for an unproductive mediation" when the defendants did not have to do so. [ECF 128] at 2. Defendants counter that defense counsel and the local claims representative of defendants' insurer both attended in person, while Sabharwal, on her own and Kiwi's behalf, as well as a representative of the underwriter, both participated by telephone. Defendants further state that those physically present and those present by telephone had full authority to settle the matter. [ECF 129] at 1.

This lawsuit stems from injuries plaintiff sustained while at rental property owned by Kiwi and operated by Sabharwal as agent for the owner. Plaintiff seeks damages for the defendants'

alleged negligence and gross negligence. As required by the Court's various scheduling orders, *e.g.*, [ECF 114], the parties engaged in mediation on March 29, 2018,[1] with Henry C. Smock, Esq., acting as the mediator. *See* [ECFs 128-2, 129-1]. According to the invoice, the mediation process spanned 5.3 hours. [ECF 128-2].

Local Rule of Civil Procedure 3.2 authorizes a court to impose sanctions where "a party, without good cause, fails to appear at a duly noticed mediation conference or fails to participate in the mediation in good faith." LRCi 3.2(f)(2). To be "deemed to appear," a party must have physically present a representative with full settlement authority and, where applicable, an insurance carrier representative. *Id.* at 3.2(2)(f) (A)-(B). *See Bass v. Fed. Express Corp.* 2018 U.S. Dist. LEXIS 43784, at *3 (D.V.I. Mar. 15, 2018) (declining to award sanctions where counsel for defendant appeared and had full authority); *Francis v. Bank of N.S.*, 2008 U.S. Dist. LEXIS 46060 *2 (D.V.I. June 11, 2008) (where defendant represented that those present had full authority to settle, no sanctions would issue).

Here, the defendants state they participated in mediation both through the physical presence of counsel and a local claims representative, as well as through the telephone participation of the individual defendant, on her behalf and on behalf of the corporate defendant, as well as the underwriter. Defendants further represent that these parties had full authority to settle the matter. Plaintiff does not identify any authority for the proposition that this level of participation is

---

[1] According to the materials submitted with his motion, plaintiff and his wife arrived on St. Thomas in the early afternoon of March 26, 2018, and departed in the early afternoon of March 31, 2018. They rented a car, but also took taxis to and from dinners. Plaintiff is apparently seeking reimbursement of the mediation fee, along with every cost incurred in connection with the six days of travel, including meals and alcohol, with the exception of the cost of two T-shirts. *See* [ECF 128-2].

*Sullivan v. Sabharwal, et al.*
Civil No. 2016-21
Page 3

inadequate or fails to comply with Local Rule 3.2. The Court therefore finds that there was no "failure to appear."

The premises considered, it is hereby ORDERED that plaintiff's motion is DENIED.

**Dated:** September 13, 2018                                S\_____
                                                                                            **RUTH MILLER**
                                                                                            United States Magistrate Judge