DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
KEVIN SULLIVAN,                     )
                                    )
           Plaintiff,               )
                                    )
     v.                             )   Civil No. 2016-21
                                    )
CHRISTINE SABHARWAL, KIWI LUXURY    )
PROPERTIES, LLC,                    )
                                    )
           Defendants.              )
                                    )
```

ATTORNEYS:

**Samuel H. Hall, Jr.**
Hall & Griffith, P.C.
St. Thomas, U.S.V.I.
 *For Kevin Sullivan,*

**Matthew J. Duensing**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
 *For Christine Sabharwal and Kiwi Luxury Properties, LLC.*

### ORDER

**GÓMEZ, J.**

Before the Court is the motion of Christine Sabharwal for summary judgment.

### I. FACTUAL AND PROCEDURAL HISTORY

Kiwi Luxury Properties, LLC, ("Kiwi") is a limited liability company organized under the laws of the U.S. Virgin Islands. The only members of Kiwi are Christine Sabharwal ("Sabharwal") and her husband, Hemant Sabharwal. Sabharwal is

the managing member of Kiwi. Kiwi owns a villa (the "Villa") on St. John, U.S. Virgin Islands. Kiwi rents the Villa for short-term vacation rentals.

On or about August 10, 2014, the Villa had an elevated patio with an adjacent pool. The patio had no railing. The patio overlooks a steep hillside, which is arranged in a series of terraces. Several potted plants were positioned along the edge of the patio in front of the drop off.

For the week beginning on August 8, 2014, Betsy M. McMahon ("McMahon") rented the Villa from Kiwi. On August 10, 2014, Kevin Sullivan ("Sullivan") visited the Villa. During his visit, Sullivan slipped and fell from the patio and rolled down the terraced hill, injuring his back.

On February 24, 2016, Sullivan filed a complaint in this Court against Sabharwal and Kiwi generally alleging negligence. Sullivan subsequently filed an amended complaint and a second amended complaint.

On July 30, 2018, Sabharwal moved for partial summary judgment. Sabharwal argues that, "as a managing member of Kiki, [she] is shielded from individual liability and cannot be held personally liable for the torts and liabilities of Kiwi, pursuant to 13 V.I.C. § 1303." ECF No. 135 at 2.

**II. DISCUSSION**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all

reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

To recover on a negligence claim under Virgin Islands law, a plaintiff must prove four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *White v. Spenceley Realty, LLC*, 53 V.I. 666, 673 (2010) (citing Restatement (Second) of Torts § 281 (1965)). Sabharwal does not contest damages or causation. Rather, Sabharwal asserts that she did not owe Sullivan a duty, and if she did, that she did not breach that duty.

In the Virgin Islands, landowners owe all entrants a duty to exercise reasonable care to avoid foreseeable harm. *See Machado v. Yacht-Haven U.S.V.I., LLC*, 61 V.I. 373, 386 (2014) (explaining that, "in all premises liability actions," "the foreseeability of harm is the touchstone of the existence of a land possessor's duty of reasonable or ordinary care" (alterations and internal quotation marks omitted)).

**A. Sabharwal's Duty**

Sabharwal asserts that she is entitled to summary judgment because her role in Kiwi was limited to "arranging short term

rentals of the Villa." *See* ECF No. 135 at 5. Sabharwal asserts that any failure to correct or otherwise warn against a danger associated with the railing-less patio "ar[o]se solely through Sabharwal's alleged inaction in her capacity as managing member of Kiwi." *See id.* at 6.

Section 1303, title 13, of the Virgin Islands Code ("Section 1303") provides, in relevant part, that

> the debts, obligations, and liabilities of a limited liability company [("LLC")], whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.

13 V.I.C. § 1303(a). As this Court has previously explained, a member of an LLC cannot be held liable for the LLC's torts "solely by reason of action as a member of [the LLC]." *Stotesbury v. Pirate Duck Adventure, LLC*, No. 3:11-CV-00018, 2011 WL 3843927, at *6 (D.V.I. Aug. 30, 2011). Section 1303 does not, however, "insulate [a member] against any tortious conduct in which he personally participated on behalf of the company." *Id.* Accordingly, Sabharwal cannot be held vicariously liable for Kiwi's torts merely because Sabharwal is a member of Kiwi. Sabharwal may, however, be liable for her conduct while acting on behalf of Kiwi.

In support of her motion for summary judgment, Sabharwal directs the Court to Sabharwal's answers to interrogatories from Sullivan. In her interrogatory answers, Sabharwal states that Kiwi is an LLC and that Sabharwal was a member of Kiwi at the time of the accident. Sullivan's interrogatory answers also indicate that Sabharwal's role in Kiwi at the time of the accident was limited to arranging short term rentals at the Villa. Sabharwal also directs the Court to Kiwi's articles of organization, which list Sabharwal as a member of Kiwi. Further, Kiwi's articles of organization do not hold its members personally liable for Kiwi's liabilities. Finally, Sabharwal directs the Court to a warranty deed indicating that Kiwi was the sole owner of the Villa at the time of the accident.

Section 354 of the Restatement (Second) of Agency provides:

> An agent who, by promise or otherwise, undertakes to act for his principal under such circumstances that some action is necessary for the protection of the person or tangible things of another, is subject to liability to the other for physical harm to him or to his things caused by the reliance of the principal or of the other upon his undertaking and his subsequent unexcused failure to act, if such failure creates an unreasonable risk of harm to him and the agent should so realize.

Restatement (Second) of Agency § 354 (1958); *cf. Stotesbury*, 2011 WL 3843927, at *6 (examining agency principals to determine

liability of LLC member). Similarly, the Restatement (Third) of Agency provides:

> An agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment.

Restatement (Third) Of Agency § 7.01 (2006). The Restatement (Third) of agency elaborates that "[a]n agent is subject to tort liability to a third party harmed by the agent's conduct only when the agent's conduct breaches a duty that the agent owes to the third party." Restatement (Third) Of Agency § 7.02 (2006).

Sabharwal has adduced evidence indicating that she does not own the Villa. Sabharwal has also adduced evidence indicating that her sole duty with respect to the property was arranging rentals and that she had no duty with respect to inspection, maintenance, or safety of the Villa. As such, Sabharwal has carried her burden of demonstrating that there is no genuine dispute of material fact that she (1) did not owe Sullivan a duty as a landowner; and (2) did not owe Sullivan duty that arose from her responsibilities to Kiwi with respect to the condition of the Villa's patio.

In opposition to Sabharwal's motion for summary judgment, Sullivan has adduced evidence that Sabharwal acted in a more

wide-ranging capacity than merely arranging rentals. Sabharwal also assumed several other duties as a Kiwi member. For instance, Sabharwal indicated that she and her husband "hire a number of persons to maintain and tend to the [Villa]." *See* ECF No. 134, Exh. 2 at 10.

During her deposition, Sabharwal stated that she was also in a position to authorize those contractors to purchase materials needed for improvements and maintenance of the Villa and was responsible for the paying for the materials or reimbursing the contractors. Sabharwal was responsible for supervising contractors, a responsibility she largely delegated to the Villa's "property manager." *See* ECF No. 139, Exh. 5 at 22:14. The property manager's duties were to "make sure . . . [the Villa] was kept in good shape" and that "people were doing their job." *See id.* at 23:10-12. Sabharwal did not meet guests when they arrived at the Villa, but she had the property manager do so. Sabharwal did not instruct the property manager what to say to guests when they arrive, but he was authorized to and did give the guests various warnings, such as "[n]ot to leave the[] doors open because the wind might make the glass break." *See id.* at 28:25-29:1.

Sabharwal occasionally goes to the Villa to "look around to see if things look safe." *See id.* at 52:24-53:2. She never asked

anyone to "do an inspection to determine whether [the Villa] was in compliance with the building code." *See id.* at 54:1-10. However, an insurance inspector visits the Villa every year and inspects the property for her insurance carrier, and occasionally "make[s] recommendations for the property." *See id.* at 27:15-18. Sabharwal "assume[d] that [the insurance inspector determines building code compliance] for [Sabharwal] when [she] renew[s] for [her] insurance policy every year." *See id.* at 54:5-7.

    Sabharwal occasionally "walked onto the pool area onto the verandas" to "look for dangers." *See id.* at 69:6-8. When asked whether it would be "evident to [her] in walking the pool area that the absence of a rail would create a danger to . . . guests . . . from [the] deck," *see id.* at 69:9-11, Sabharwal responded: "I imagine, yes, I guess," *see id.* at 69:14. When asked whether "the purpose of putting planters in front of an area where there is no railing is to try to give some notice or at least provide a barrier . . . to guests," *see id.* at 69:15-18, Sabharwal responded: "Yes," *see id.* at

    Sabharwal asserted that she never believed the open patio presented a danger. She averred that "if [she] did, [she] would have put up a rail if [she thought] that was even a possibility." *See id.* at 70:19-21. Sabharwal further asserted

that she was now "planning to put a railing up." *See id.* at 73:9.

The evidence adduced by Sullivan indicates that Sabharwal undertook to inspect the Villa for dangerous conditions and that she had the authority to remedy conditions she believed posed a danger. Sabharwal had a duty to fulfill this function in a manner that avoided "unreasonable risk of harm" to the Villa's guests. *See* Restatement (Second) Agency § 354. Essentially, Sabharwal assumed responsibility for Kiwi's duty to exercise reasonable care to avoid foreseeable harm to the Villa's guests.

**B. Breach of Duty to Exercise Reasonable Care**

Sabharwal first argues that she did not know the patio was a dangerous condition. In support of this argument, Sabharwal has provided evidence that (1) during the time Sabharwal was involved with renting out the Villa, there was never an accident on the patio before Sullivan's fall; and (2) Kiwi's insurance company inspected the Villa annually and never recommended that a railing be installed along the patio.

A property owner must have knowledge or notice of a dangerous condition to be in breach of its duty of reasonable care. *See Rymer v. Kmart Corp.*, No. CV 2017-0010, 2018 WL 461388, at *2 (V.I. Jan. 18, 2018). Notice may be actual or

constructive. *Id.* While notice can be shown with evidence of past accidents, "that is not the only way to support a finding of notice for the purposes of premises liability." *Machado v. Yacht Haven U.S.V.I., LLC*, No. S.CT.CIV. 2012-0137, 2014 WL 5282116, at *8 (V.I. Oct. 16, 2014) (citations omitted). Notice may also be shown "through evidence that the condition persisted over a long enough period of time that the [land]owner should have become aware of it through the exercise of reasonable care." *Id.*

It is undisputed that during the time Sabharwal was involved with renting the Villa she had actual knowledge that the patio lacked a railing. A review of the relevant case law reveals relatively few negligence actions involving falls elevated platforms that lacked a railing. *But see, e.g.*, *Brazen v. Brazzon*, No. 50293, 1986 WL 3233, at *1 (Ohio Ct. App. Mar. 13, 1986). There are, however, a great many negligence actions involving falls from elevated platforms featuring a railing that gave way when the plaintiff fell against it. *See, e.g.*, *Baer v. De Kay*, 62 Ohio App. 445, 449 (1939) ("It is entirely reasonable to assume that tenants and occupants of the premises. . . may and will come in contact with [the railing], intentionally, or by accident by slipping or stumbling; and reasonable care must be exercised to have it fairly safe for reasonably anticipated

uses."). In this light, the Court finds that a reasonable jury could conclude that it is foreseeable that someone could fall from an elevated patio in a vacation home that is not protected by a railing if no alternative protective measures were taken.

Sabharwal next argues that she acted reasonably by providing McMahon two warnings when McMahon rented the Villa. First, in the rental agreement, which provided in relevant part that "[t]he pool is located below the main villa and is not protected by a fence. As part of the pool has an 'infinity edge' – there is no sitting or standing on the pool wall. The pool is elevated and a fall from this area could cause injury." *See* ECF No. 134, Exh. 6 at 2. The rental agreement also featured a purported liability waiver, which provided in relevant part:

> WAIVER OF LIABILITY for pool, herein called special feature. The Renter understands that there are special risks that may be involved in using the special feature, as well as using other areas of the villa, in particular, the Renter understands that there are potential dangers that the special feature may present to children who are not carefully supervised as well as the danger to any person using the special feature, or if a person has health risks or if a person uses the special feature while intoxicated or using any kind of drugs or medication.

*Id.* at 4. Second, an email Sabharwal sent to McMahon before the start of the rental period warned: "DO NOT sit or stand on the pool edge. The pool area is raised with an infinity edge and a fall could cause serious injury." *See* ECF No. 134, Exh. 7 at 2.

As an initial matter, these warnings appear to be cabined to "the pool." Though adjacent to the pool, the patio is not a pool. More significantly, "questions of whether [a defendant] acted reasonably" are generally "not appropriate for a court to determine at the summary judgment stage." *See Perez v. Ritz-Carlton (Virgin Islands), Inc.*, No. SCTCIV20110050, 2013 WL 4442434, at *6 (V.I. Aug. 14, 2013). Rather, the determination of reasonableness is a question of fact that should usually be decided by a jury. *See id.* Here, a reasonable jury could conclude that the warnings given by Sabharwal to McMahon were insufficient and that Sabharwal failed to exercise reasonable care to protect guests from the dangers occasioned by the patio. *Cf. Bader v. United Orthodox Synagogue*, 148 Conn. 449, 454 (Conn. 1961) ("Expert testimony was not required to support the claim of the plaintiff that the absence of a proper or suitable porch railing was a structural defect and therefore constituted corporate negligence."); *Blanchard v. Soc'y for the Pres. of New England Antiquities*, No. 20013113C, 2002 WL 31680636, at *2 (Mass. Super. Oct. 21, 2002) (holding that, where plaintiff fell from "landing area" that lacked railings and was four feet above ground, "the issue of whether [defendant] exercised reasonable care in maintaining the [property] . . . is properly one for the jury").

The premises considered, it is hereby

**ORDERED** that the motion for summary judgment docketed at ECF Number 133 is **DENIED**.

                                      S\_____
                                          **Curtis V. Gómez**
                                          **District Judge**