DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

KEVIN SULLIVAN,                )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civil No. 2016-21
                               )
CHRISTINE SABHARWAL, KIWI LUXURY )
PROPERTIES, LLC,               )
                               )
          Defendants.          )
                               )

ATTORNEYS:

**Samuel H. Hall, Jr.**
Hall & Griffith, P.C.
St. Thomas, U.S.V.I.
     *For Kevin Sullivan,*

**Matthew J. Duensing**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
     *For Christine Sabharwal and Kiwi Luxury Properties, LLC.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Christine Sabharwal and Kiwi Luxury Properties, LLC, for judgment on the pleadings.

### I. FACTUAL AND PROCEDURAL HISTORY

Kiwi Luxury Properties, LLC, ("Kiwi") is a limited liability company organized under the laws of the U.S. Virgin Islands. Christine Sabharwal ("Sabharwal") is the managing member of Kiwi. Kiwi owns a villa (the "Villa") on St. John,

U.S. Virgin Islands. Kiwi rents the Villa for short-term vacation rentals.

On or about August 10, 2014, the Villa had an elevated patio with an adjacent pool. The patio had no railing. The patio overlooks a steep hillside, which is arranged in a series of terraces.

For the week beginning on August 8, 2014, Betsy M. McMahon ("McMahon") rented the Villa from Kiwi. On August 10, 2014, Kevin Sullivan ("Sullivan") visited the villa. During his visit, Sullivan slipped and fell from the patio and rolled down the terraced hill, injuring his back.

On February 24, 2016, Sullivan filed a complaint in this Court against Sabharwal and Kiwi alleging negligence and gross negligence. Sullivan subsequently filed an amended complaint and a second amended complaint. On October 6, 2016, Sabharwal filed an answer to the second amended complaint. On November 10, 2016, Kiwi filed an answer to the second amended complaint.

On August 24, 2016, the Magistrate Judge entered a trial management order in this matter, setting a deadline for dispositive motions on August 1, 2017, and scheduling a trial for December 4, 2017. On November 28, 2017, the parties appeared before the Magistrate for a pretrial conference. At the conference, the parties indicated that their attorneys had all

suffered damage in recent hurricanes. In addition, the parties wished to conduct mediation in January of 2018. As such, the parties requested that the trial date in this matter be continued. After the conference, the Magistrate entered an order setting a deadline for dispositive motions on July 31, 2018, and rescheduling the trial for October 15, 2018. On October 9, 2018, the Court rescheduled the trial for October 29, 2018.

On July 30, 2018, Sabharwal moved for partial summary judgment. Sabharwal argues that, "as a managing member of Kiki, [she] is shielded from individual liability and cannot be held personally liable for the torts and liabilities of Kiwi, pursuant to 13 V.I.C. § 1303." ECF No. 135 at 2.

On October 24, 2018, Sabharwal and Kiwi moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Sabharwal and Kiwi argue that Sullivan has failed to state a claim for gross negligence.

## II.  DISCUSSION

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") "are judged according to the same standard." *Gebhart v. Steffen*, 574 Fed. App'x 156, 158 (3d Cir. 2014). When reviewing a motion to dismiss brought pursuant to Rule 12(b)(6), the Court construes

the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant

has acted unlawfully." *Id.* A complaint which pleads facts

"'merely consistent with' a defendant's liability, . . . 'stops

short of the line between possibility and plausibility of

"entitlement of relief." ' " *Id.* (citing *Twombly,* 550 U.S. at

557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 674, 679).

### III. ANALYSIS

Under Federal Rule of Civil Procedure 16 ("Rule 16"), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The burden is on the moving party to show a modification is justified by good cause. *See, e.g., Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010).

"Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (3d Cir. 2009) (internal quotation marks omitted); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("[The] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " (quoting Fed. R. Civ. P. 16, advisory committee's note, 1983 amendments) ). For this reason, the diligence of the party seeking the amendment is the "primary consideration" in determining whether good cause has been shown. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). In addition, however, district courts may consider other relevant factors such as "futility, bad faith, . . . or undue prejudice to the opposing party." *See Holmes*, 568 F.3d at 335 (internal quotation marks omitted); *see also Kassner*, 496 F.3d at 244 (explaining that, in addition to diligence, a district court "may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants"). Generally, where there has not been a "change in the law, ... newly discovered facts, or any other changed circumstances," a party will not be able to show good cause. *See Hartis v. Chicago Title Ins.*, 694 F.3d 935, 948 (8th Cir. 2012).

Here, Sabharwal and Kiwi filed a motion for partial summary judgment and a *Daubert* motion before the July 31, 2018, dispositive motion deadline. They have given no reason why they could not have filed their motion for judgment on the pleadings before that deadline as well. *See Argo v. Woods*, 399 Fed. App'x 1, 3 (5th Cir. 2010) ("Since Woods has failed to offer any reason why he could not have filed his motion before the deadline, we affirm the district court's denial of the motion.").

The premises considered, it is hereby

**ORDERED** that the motion for judgment on the pleadings docketed at ECF Number 172 is **DENIED**.

S\_____
**Curtis V. Gómez**
**District Judge**